Whitaker, Judge,
delivered the opinion of the court:
Plaintiff brings this suit against the Department of State of the United States. Of course the Department of State is not a legal entity subject to suit, but we treat the petition as a suit against the United States for a money judgment, for the amount of which plaintiff claims he has been illegally denied.
Plaintiff retired as a foreign service officer on October 31, 1935. At the time of his retirement he was not entitled to include in the period of his service, for the computation of his annuity, the time he had served in the Army, Navy, Marine Corps, or Coast Guard of the United States.
In 1939 Congress amended section 26 of the Act of February 23, 1931 (53 Stat. 1208), relating to the foreign service (46 Stat. 1211), by permitting the inclusion in a foreign *188 service officer’s term of service, for the purpose of computing bis annuity, the period of Ms service in the armed forces. Plaintiff had served in the armed forces in World War I, having been discharged in 1919. He claims the right to include such service in computing his own annuity, although he retired in 1935, prior to the passage of the Act of 1939, 53 Stat. 1208.
In 19 Comp. Gen. 411, the Comptroller General held that the 1939 Act was applicable only to those who were foreign service officers at the time of the passage of the Act, and that-it did not apply to a “retired officer” or to an “annuitant”. A reading of the Act of February 23, 1931, and of the amendatory act, indicate that the Comptroller General was correct in so ruling.
Congress again amended the law relative to the foreign service by the passage of the Foreign Service Act of 1946 (60 Stat. 999). Section 801 thereof relates to the Foreign Service Retirement and Disability System. In section 802 it provides for the foreign service retirement and disability fund. In section 803 it designates those who are entitled to “the benefits of the System,” who are called “participants”. In section 804 it defines “annuitants” as “persons who are receiving annuities from the Fund on the effective date of this Act,” and persons who thereafter become entitled to annuities, etc. Plaintiff plainly was not a participant, because on the date of the passage of the Act he was neither a foreign service officer, having retired, nor was he a person “making contributions to the fund on the effective date of this Act,” having already retired. He was an “annuitant” as defined in section 804.
Although the language of the Act seems to bear no other construction, we might go on to say that the passage of the 1946 Act, after the Comptroller General’s construction of a similar provision of the 1939 Act, above referred to, would seem to be Congressional approval of that construction.
Plaintiff is clearly not entitled to recover. His motion for summary judgment is overruled. Defendant’s motion for summary judgment is granted, and plaintiff’s petition will be dismissed.
It is so ordered.
*189 Laramore, Judge; Madden, Judge; and Jones, OMef Judge, concur.